In re Anthony R. MARTIN-
TRIGONA, Debtor.

**GLENDALE FEDERAL SAVINGS AND
LOAN ASSOCIATION, Plaintiff,**

v.

**217 OCEANAGE, et al., Defendants.**

Adv. No. 87–0175–BKC–AJC–A.

United States Bankruptcy Court,
S.D. Florida.

Feb. 21, 1992.

Linda Conahan, English, McCaughan &
O'Bryan, Fort Lauderdale, Fla., for plain-
tiff.

Anthony R. Martin–Trigona, pro se.

## ORDER DENYING MOTION TO RECUSE AND MOTION TO VACATE ALL CRISTOL ORDERS

A. JAY CRISTOL, Bankruptcy Judge.

This matter came before the court on the one page motion of Anthony R. Martin, a/k/a Anthony R. Martin–Trigona, for the court to recuse itself and to vacate all orders. The basis of the motion, as set forth therein, is that "A.J., has cracked, or flipped, and cannot understand the limits on the powers of a master in chancery, which is why he is conducting his *jihad* against the undersigned. The time has come to put A.J.'s crackpot campaign of harassment to an end by removal of A.J. and vacatur of all orders in which he had a malevolent hand."

While the court concedes it has from time to time cracked walnuts, hazelnuts and a few other nuts and that while diving and performing gymnastics, has occasionally flipped, these activities are deemed to be unrelated to this litigation. While passionate, the basis alleged for the recusal and the vacation of prior orders is not supported in fact or law and appears to be merely an effort to avoid appellate procedures regarding orders wherein the litigant is less than fully satisfied with judicial decisions rendered.

It is difficult for the court to follow the movant's argument that this court is without jurisdiction as this matter is only here because Anthony R. Martin–Trigona had it removed from State Court and brought it here.

The law of recusal does not warrant the recusal of the court in this matter or the vacation of any prior orders which have been entered and either appealed and affirmed or not appealed and allowed to become final. 28 U.S.C. § 455. Accordingly, and upon consideration and with sympathy and understanding for the frustrations of the movant who though denied admission to the Bar on moral grounds, still yearns to out Darrow Clarence. After consideration, it is

ORDERED that the motion to recuse and the motion to vacate are denied.

DONE and ORDERED.